UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEBASTIAN MADERO
Plaintiff

VS.

SUSQUEHANNA SALT LAKE, LLC
Defendant

CIVIL ACTION NO. 3:21-cv-1365-N

SUSQUEHANNA SALT LAKE, LLC
ANSWER TO PLAINTIFF'S COMPLAINT

SUSQUEHANNA SALT LAKE, LLC, (SUSQUEHANNA) answers SEBASTIAN MADERO, (Plaintiff), and would show the Court as follows:

**PART 1.   ADMISSIONS AND DENIALS.**

**RESPONSE TO "I.  INTRODUCTION."**

1. SUSQUEHANNA states that the allegations in Paragraph 1 contain argument and legal conclusions and not statements of fact.   Therefore, no response is required.  Such allegations that require a response are denied.

2. SUSQUEHANNA states that the allegations in Paragraph 2 contain argument and legal conclusions and not statements of fact.   Therefore, no response is required.  Such allegations that require a response are denied.

**RESPONSE TO "II PARTIES."**

3. SUSQUEHANNA admits that the Plaintiff is a natural person.  Plaintiff has insufficient information to admit or deny the remaining allegations in Paragraph 3.

4. SUSQUEHANNA admits the allegations in Paragraph 4.

**RESPONSE TO "III JURISDICTION AND VENUE."**

5.  SUSQUEHANNA admits Jurisdiction Paragraph 5.

6.  SUSQUEHANNA admits Venue Paragraph 6.

**RESPONSE TO "IV FACTUAL ALLEGATIONS  - A. The inclusion and Discharge of the Subject Debt in Plaintiff's Bankruptcy Case."**

7.  The bankruptcy documents are self-evidence and speak for themselves. SUSQUEHANNA is without sufficient information or knowledge to admit the remaining allegations.

8.  The bankruptcy documents are self-evidence and speak for themselves. SUSQUEHANNA is without sufficient information or knowledge to admit the remaining allegations.

9.  SUSQUEHANNA admits that the referenced document purports to be a copy of the referenced schedule.

10. SUSQUEHANNA denies receipt of the 341 Notice by SUSQUEHANNA at SUSQUEHANNA offices.   The address contained for in the exhibit to the complaint is incomplete and would not have arrived at SUSQUEHANNA's offices/ SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff. SUSQUEHANNA denies that at the time in question  SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff. After a search of the records of SUSQUEHANNA's trial court counsel, SUSQUEHANNA trial court counsel has been unable to locate any 341 Notice.  Therefore, SUSQUEHANNA is unable to admit or deny the receipt of the 341 Notice or its content.  SUSQUEHANNA has no knowledge of whether the mailing of the 341 Notices were returned, and cannot admit or deny the allegation.

11. The records of the bankruptcy court speak for themselves. SUSQUEHANNA has independent knowledge of the identified Discharge Order and cannot admit or deny the allegations.

12. SUSQUEHANNA denies receipt of the Discharge Order by SUSQUEHANNA at SUSQUEHANNA offices. After a search of the records of SUSQUEHANNA's trial court counsel, SUSQUEHANNA trial court counsel has been unable to locate any Discharge Order. Therefore, SUSQUEHANNA is unable to admit or deny the receipt of the Discharge Order or its content.

13. SUSQUEHANNA admits that the referenced document purports to be a copy of the referenced Discharge Order.

14. SUSQUEHANNA admits that no objection was or dispute was made as to the identified claim.

15. SUSQUEHANNA admits that it was not a party to any reaffirmation of the identified debt.

16. SUSQUEHANNA admits that there was no declaration that the identified debt was non-dischargeable.

**RESPONSE TO "IV FACTUAL ALLEGATIONS  - B.  During and after the discharge of the Debt in Plaintiff's Bankruptcy Case, Defendant Attempted to Collect the Debt by prosecuting Post-Judgement Actions in State Court."**

17. SUSQUEHANNA cannot admit or deny the allegations as to "prohibited debt collection activity" as the activities are not reasonably identified. SUSQUEHANNA admits that it engaged in seeking post judgment relief against the Plaintiff.

18. SUSQUEHANNA admits that it received the pre-bankruptcy judgment identified in the allegation. After a search of the records of SUSQUEHANNA's trial court

counsel, Kimberly Guest, has been unable to locate any email containing a Suggestion of Bankruptcy and has insufficient information to admit the allegation. Therefore, SUSQUEHANNA is unable to admit or deny the receipt of the Suggestion of Bankruptcy. Upon information and no Suggestion of Bankruptcy was filed in the trial court, where the post judgment actions were pending.

19. SUSQUEHANNA trial court counsel has been unable to locate any Suggestion of Bankruptcy. Upon a search of the trial online records, no Suggestion of Bankruptcy has been located. SUSQUEHANNA is therefore unable to admit or deny whether the identified exhibit is a true and correct copy.

20. SUSQUEHANNA admits the allegation in Paragraph 20. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

21. SUSQUEHANNA admits the allegation in Paragraph 21. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

22. SUSQUEHANNA admits the allegation in Paragraph 22.

23. SUSQUEHANNA admits the allegation in Paragraph 23. SUSQUEHANNA has filed a release of the identified Abstract of Judgment. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

24. SUSQUEHANNA admits the allegation in Paragraph 24. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

25. SUSQUEHANNA admits the allegation in Paragraph 25. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

26. SUSQUEHANNA admits the allegation in Paragraph 26. SUSQUEHANNA denies that at the time in question SUSQUEHANNA had knowledge of an automatic stay or of the discharge of Plaintiff.

27. SUSQUEHANNA admits the allegation in Paragraph 27. SUSQUEHANNA has submitted a motion to the trial court dismissing the Plaintiff from the Turnover Proceedings.

28. SUSQUEHANNA admits the allegation in Paragraph 28.

29. SUSQUEHANNA has no knowledge of the specific actions taken by the Receiver. SUSQUEHANNA admits that such action would be a standard practice for many turnover receivers.

30. SUSQUEHANNA admits that the document purports to be a copy of the referenced document. However, SUSQUEHANNA has no knowledge of the document and cannot admit or deny the allegation.

31. SUSQUEHANNA admits the allegation in Paragraph 31. SUSQUEHANNA is in the process of preparing a release to be filed of the identified Abstract of Judgment.

32. SUSQUEHANNA admits the allegation in Paragraph 32.

33. SUSQUEHANNA admits that the Receiver took some action as to the Plaintiff's financial account or accounts. SUSQUEHANNA has no knowledge of the specific actions taken and cannot admit or deny the specific allegations contained in Paragraph 33.

**SUSQUEHANNA SALT LAKE, LLC ANSWER TO PLAINTIFF'S COMPLAINT  - Page 5**

D:\Work\Case Backup\2019's\19-0327\CH 7 violation claims\Forms and Doc Prep\Answer to Complaint\DRAFT Answer to Complaint.wpd

34. SUSQUEHANNA admits that the document purports to be a copy of the referenced document. However, SUSQUEHANNA has no knowledge of the document and cannot admit or deny the allegation as to the truth and correctness of the document.

35. SUSQUEHANNA was not a party to the alleged email sent to the Receiver and cannot admit or deny the allegation.

36. SUSQUEHANNA admits that the document purports to be a copy of the referenced document. However, SUSQUEHANNA has no knowledge of the document and cannot admit or deny the allegation as to the truth and correctness of the document.

**RESPONSE TO "V GROUNDS FOR RELIEF - Count 1. Invasion of Privacy."**

37. SUSQUEHANNA adopts and incorporates its responses in the previous paragraphs as set out above as though fully set forth herein.

38. The allegations set out in Paragraph 38 are not factual allegations, but conclusions of law and agreement. Therefore, no admission or denial is required. If a response is required, SUSQUEHANNA denies the allegations.

39. The allegations set out in Paragraph 39 are not factual allegations, but conclusions of law and agreement. Therefore, no admission or denial is required. If a response is required, SUSQUEHANNA denies the allegations.

**RESPONSE TO "V GROUNDS FOR RELIEF - Counts II & III - Violation of Automatic Stay and Discharge Injunction."**

40. SUSQUEHANNA adopts and incorporates its responses in the previous paragraphs as set out above as though fully set forth herein.

41. SUSQUEHANNA denies it had actual knowledge of the Plaintiff's bankruptcy and Discharge.

42. SUSQUEHANNA admits that it took post judgment action to collect the underlying judgment of the Defendant.

43. SUSQUEHANNA admits that it took post judgment action to collect the underlying judgment of the Defendant, after the filing of Plaintiff's bankruptcy action and discharge. SUSQUEHANNA denies actual knowledge of the bankruptcy action and discharge. SUSQUEHANNA denies that its actions constituted harassment. SUSQUEHANNA denies that its actions were intended to coerce Plaintiff into paying a known discharged debt. SUSQUEHANNA denies any intent to violate federal law; an automatic stay or a discharge injunction.

44. SUSQUEHANNA denies that its actions constitute actionable harassment, coercion or a knowing or intentional violation of an automatic stay or discharge injunction.

45. SUSQUEHANNA denies that it knowing or willingly violated the orders or injunctions of the Bankruptcy Court. The remainder of the allegations in Paragraph 45 contain arguments and legal conclusions and not statements of fact.  Therefore, no response is required.  Such allegations that require a response are denied.

46. SUSQUEHANNA admits that due to its lack of knowledge of the bankruptcy proceedings it inadvertently violated the automatic stay and discharge order. However, SUSQUEHANNA has ceased any collection efforts and has begun actions to correct or undo any actions taken.

47. SUSQUEHANNA denies that its conduct was in "blatant" disregard of the discharge injunction. The remainder of the allegations inn Paragraph 47 contain argument and legal conclusions and not statements of fact.  Therefore, no response is required. Such allegations that require a response are denied.

48. SUSQUEHANNA admits that there are no known waivers of orders or injunction in the bankruptcy case.  The remainder of the allegations in Paragraph 48 contain argument and legal conclusions and not statements of fact.   Therefore, no response is required.  Such allegations that require a response are denied.

49. The allegations in Paragraph 49 contain argument and legal conclusions and not statements of fact.   Therefore, no response is required.  Such allegations that require a response are denied.

50. The allegations in Paragraph 50 contain argument and legal conclusions and not statements of fact. Therefore, no response is required.  Such allegations that require a response are denied.

**RESPONSE TO "VII. VICARIOUS LIABILITY/RESPONDENT SUPERIOR."**

51. SUSQUEHANNA denies the allegations in Paragraph 51.

52. SUSQUEHANNA has insufficient information to admit or deny factual allegations contained in 52.

53. SUSQUEHANNA denies that prior to receipt of the complaint in this matter that it knew of the automatic stay or Discharge Order. SUSQUEHANNA denies that upon realizing that an automatic stay or Discharge Order were in place that it took any action for collection or enforcement of the debts subject the automatic stay or Discharge Order.

54. SUSQUEHANNA denies the allegations in Paragraph 54.

55. SUSQUEHANNA denies the allegations in Paragraph 55.

56. SUSQUEHANNA denies the allegations in Paragraph 56.

57. SUSQUEHANNA denies the allegations in Paragraph 57

58. SUSQUEHANNA denies the allegations in Paragraph 58.

PRAYER.

DEFENDANT SUSQUEHANNA SALT LAKE, LLC, prays that after notice and hearing Plaintiff take nothing by his suit and that SUSQUEHANNA SALT LAKE, LLC be awarded such relief as to which it may show itself to be entitled.

>
> Respectfully Submitted
> Guest & Associates, PC
> 421 E. Airport Freeway, Suite 115
> Irving, Texas 75062
> Ph. 972-594-1133; Fax. 972-570-4498
>
> By:/s/Mark C. Snyder_____
> Mark C. Snyder
> Texas Bar No. 18818300
> Email: Mark @ GuestAndAssociates.com
> Attorney for Defendant

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served upon all parties and counsel of record in accordance with the Federal Rules of Civil Procedure through the Court's ECF filing system.

Dated: August 2, 2021

>
> By:/s/Mark C. Snyder_____
> Defendant